**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MARC BLUMENFELD, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:24-cv-03661-PX |
| POTOMAC CONFERENCE | * | |
| CORPORATION OF SEVENTH-DAY | | |
| ADVENTISTS, et al., | * | |
| Defendant. | * | |

\*\*\*

**MEMORANDUM OPINION**

Pending in this premises liability case is Defendant Potomac Conference Corporation of Seventh-Day Adventists d/b/a Takoma Academy ("Takoma Academy")'s motion for summary judgment. ECF No. 21. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is granted.

I.     **Background**

In the afternoon of November 22, 2024, Plaintiff Marc Blumenfeld ("Blumenfeld") visited Takoma Academy to attend a high school basketball tournament. ECF No. 21-2 at 10:6–15; *id.* at 12:10–14. The weather was clear and dry. *Id.* at 13:5–15. Blumenfeld was wearing sneakers and walked from the parking lot to the school gymnasium entrance. *Id.* at 14:7; *id.* at 15:7–16. Once there, he was the "first in line" with 10 to 15 people who all waited to enter through the left most exterior door. *Id.* at 15:8; ECF No. 22-4 at 30:16–31:1. When the doors opened for the tournament, and as Blumenfeld headed to the entrance, his toe caught on the seam between two concrete slabs of the walkway, causing him to trip and fall. *Id.* at 34:21–22.

1



ECF No. 22-5 at 3. (defect in sidewalk on which Blumenfeld tripped).

Blumenfeld sued Takoma Academy for negligence and negligent hiring, retention and supervision, seeking compensation for his injuries.  ECF No. 5 ¶¶ 1–10.  Takoma Academy now moves for summary judgment in its favor on both counts, arguing that it owed Blumenfeld no duty to warn or protect against a modest, expected, and obvious unevenness in the sidewalk.  ECF No. 21.  Because both claims depend on whether Takoma Academy owed Blumenfeld a duty of care in this context, the Court analyzes them together.  *See Marrick Homes LLC v. Rutkowski*, 161 A.3d 53, 65 (Md. Ct. Spec. App. 2017) ("Critically, the elements of negligent supervision are identical to the elements of a general negligence claim."); *see also Minnick v. Sw. Airline Co.*, No. 1:22-CV-03084-JMC, 2024 WL 4252988, at *4 (D. Md. Sept. 20, 2024) ("While the simple negligence standard speaks of a 'duty of care,' the five-element standard simply elaborates on what that duty is in this context.").

## II.      Standard of Review

Summary judgment is proper where the Court, viewing the evidence most favorably to the non-moving party, finds no genuine issue of material fact, thus entitling the movant to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  "A party opposing a properly supported

motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)).  *See also Williams v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir. 2004) ("[The nonmoving party's] self-serving opinion . . . cannot, absent objective corroboration, defeat summary judgment.").  "A mere scintilla of proof . . . will not suffice to prevent summary judgment."  *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).  But "a court should not grant summary judgment 'unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances.'"  *Campbell v. Hewitt, Coleman & Assocs., Inc.*, 21 F.3d 52, 55 (4th Cir. 1994) (quoting *Phoenix Sav. & Loan, Inc. v. Aetna Casualty & Sur. Co.*, 381 F.2d 245, 249 (4th Cir. 1967)).

## III.    Analysis

Blumenfeld may proceed to trial only if he has adduced some evidence that Takoma Academy, as the owner or operator of the premises, breached its duty of care to protect business invitees from unreasonable risks of injury. *Coleman v. United States*, 369 F. App'x. 459, 461 (4th Cir. 2010).  "Unreasonable risks" are ones that invitees cannot discover by "exercising ordinary care for [their] own safety." *Leatherwood Motor Coach Tours Corp. v. Nathan*, 579 A.2d 797, 802 (Md. Ct. Spec. App. 1990) (quoting *Sherman v. Suburban Tr. Co.*, 384 A.2d 76, 79 (Md. 1978)). As a corollary, where a risk is open and obvious, thus allowing the invitee to avoid the risk through the exercise of due care, the owner operator cannot be held liable in negligence. *Coleman*, 369 Fed. Appx. at 462.  Open and obvious risks are apparent and recognizable to "a reasonable person in the position of a visitor, exercising ordinary perception, intelligence, and judgment." *Id.* (citing

3

65A C.J.S. Negligence § 639 (West 2009)).  When the invitee encounters such risks, he bears responsibility for exercising basic care for his own safety, including "a duty to look and see what is around [him]." *Id.* (citing *Tennant v. Shoppers Food Warehouse*, 693 A.2d 370, 374 (Md. Ct. Spec. App. 1997)).  *See also Duncan-Bogley v. United States*, 356 F. Supp. 3d 529, 538 (D. Md. 2018).

Takoma Academy principally argues that a 5/8-inch differential in the concrete slabs alone does not create a duty of care for which it should be held liable.  It is well established that minor variations in ground surfaces are the kind of deviations that pedestrians customarily and ordinarily expect to encounter, and do not present an "unreasonable risk." *Leatherwood Motor Coach Tours Corp.*, 579 A.2d at 803.  Indeed, this Court has previously held that similar uneven seems did not constitute an "unreasonable risk." *See Dent v. Walmart Inc.*, No. 8:21-CV-01622-TJS, 2023 WL 6621346, at *3 (D. Md. Oct. 11, 2023) (uneven slabs between .5 to .75 of an inch not an unreasonable risk); *McManus v. Target Corp.*, No. CCB-18-CV-1672, 2019 WL 1746696, at *1, *4 (D. Md. Apr. 17, 2019) (0.25 inches to 0.75 inches between concrete slabs was not an unreasonable risk as "sidewalk imperfections are a part of ordinary life"); *Duncan-Bogley,* 356 F. Supp. 3d at 541 (.75-inch height differential between the concrete slabs in sidewalk not an unreasonable risk); *Schaefer v. United States*, No. PX-15-CV-02690, 2017 WL 2506174, at *3 (D. Md. June 9, 2017) (uneven sidewalk crack of 1.5 inch differential not an unreasonable risk).  This is because "pavements will in time become irregular and uneven from roots of trees, heavy rains and snows, or other causes." *Martin v. Mayor & Council of Rockville*, 265 A.2d 241, 244 (Md. 1970).  The public, therefore, must accept routine slight variances in topography and adequately exercise due care. *Id*.

When viewing the evidence most favorably to Blumenfeld, the slight height differential of the concrete slabs, several feet away from the gymnasium entrance, is nothing more than a minor and expected variance in the terrain of an exterior walkway.  This is especially so given that it was a clear, dry day, and nothing obstructed Blumenfeld's line of sight.  ECF No. 21-2 at 13:5–15; *id*. at 15:8  Because no reasonable trier of fact could conclude that the defect was not open and obvious, summary judgment must be granted in Takoma Academy's favor.

Blumenfeld responds that a reasonable juror could conclude otherwise because the height differential violates multiple applicable safety codes and industry standards, including "the Montgomery County Code, the International Building and Fire Codes, the National Fire Protection Association 101, and American Society for Testing & Materials F1637."  ECF No. 22-7 at 2.  The problem for Blumenfeld is that a violation of municipal standards and codes does not amount to "conclusive evidence that the defect [] posed an unreasonable risk for purposes of tort liability." *Duncan-Bogley*, 356 F. Supp. 3d at 539.  *See also Riffe v. Wal-Mart Stores E., LP*, No. ADC-21-CV-647, 2023 WL 1070467, at *5 (D. Md. Jan. 27, 2023); *Dent*, 2023 WL 6621346, at *4. Building codes do not impose duties of care in premises liability matters.  *Duncan-Bogley*, 356 F. Supp. 3d at 539.  Thus, absent some evidence that the defect itself posed an unreasonable risk for reasons other than it may also violate a building code, the claim must necessarily fail.  *See President & Comm'rs of Town of Princess Anne v. Kelly*, 89 A.2d 594, 596 (Md. 1952) ("on the facts [of] each case, the court should determine whether there is sufficient evidence of the gravity of the alleged defects to permit a jury to consider the question of negligence.") (citing *Leonard v. Lee*, 62 A.2d 259, 263 (Md. 1948)).

Nor does *Rountree v. Lerner Dev. Co.,* 447 A.2d 902 (Md. Ct. Spec. App. 1982), establish that Takoma Park bore some "heightened" duty of care, as Blumenfeld suggests.  ECF No. 22-7 at

11.  In *Rountree* a tenant sued her landlord for injuries she sustained after slipping on an icy step as she left her apartment. *Rountree*, 447 A.2d at 903.  At trial, the landlord raised the defense of assumption-of-risk, arguing that plaintiff's voluntary decision to step on an obvious icy landing should absolve it from liability.  *Id.*  The Court of Special Appeals, however, reversed and remanded for further proceedings, concluding that because the plaintiff had only one way to leave her apartment, she was entitled to argue to the jury that the assumption of risk was "involuntary," thus negating the affirmative defense. *Id.* at 905 ("There was at the very least a jury issue with respect to the 'voluntary assumption' restriction on the defense of assumption of risk.").  Takoma Academy, however, does not raise an assumption-of-risk defense.  Rather, it argues that Blumenfeld has failed to adduce any evidence that the defect posed an unreasonable risk that triggered a duty of care.  In that respect, *Rountree* does nothing to aid in the analysis.

Lastly, Blumenfeld argues that because the uneven seam was close to the gymnasium entrance, he could not have noticed the height differential, rendering it at least a jury question whether the risk was open or obvious.  ECF No. 22-7 at 14–18.  But mere proximity to an entrance alone does not make the defect any less open or obvious.  Especially where, as here the crack was neither obscured by darkness, other debris, or unexpected distractions. *Cf. Comm'rs of Balt. Cty. V. Collins*, 148 A. 242, 242 (Md. 1930) (plaintiff tripping on elevated section of concrete sidewalk at night without proper lighting); *Denbow v. Chesapeake & Potomac Tel. Co.*, 87 A.2d 584, 585–86, 589 (Md. 1952) (plaintiff falling into open manhole after workers distracted plaintiff).  Blumenfeld was also first in line to enter the gymnasium, and so, had no objects or people obscuring his line of sight.  ECF No. 21-2 at 15:8.  Accordingly, without more, no reasonable juror could conclude that an invitee like Blumenfeld would not have seen and understood the danger of a modest seam differential in an exterior walkway. *C & M Builders, LLC v. Strub*, 22 A.3d 867,

6

855 (Md. 2011) (citing Prosser and Keeton on Torts, § 68 at 489 (5th ed. 1984)).  "Where there is nothing to obstruct or interfere with one's ability to see such a static defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved." *Gellerman v. Shawan Rd. Hotel Ltd. P'ship*, 5 F. Supp. 2d 351, 353 (D. Md. 1998) (citation omitted).  *See also Martin,* 265 A.2d at 282.  *Duncan-Bogley*, 356 F. Supp. 3d at 540–41; *Sampson v. United States*, No. DKC-15-CV-0243, 2017 WL 3022971, at *6 (D. Md. July 17, 2017) (citing *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1054 (4th Cir. 1986)).

## IV.    Conclusion

Because Takoma Academy did not owe Blumenfeld a duty to warn or protect against the dangers of a modestly uneven seam in the concrete walkway, summary judgment must be granted on both claims.  A separate order follows.

  06/30/2026
Date

                              /s/
                         Paula Xinis
                         United States District Judge

7